UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN JOHNSON,<br><br>             Petitioner,<br><br>    v.<br><br>GISELLE MATTESON,<br><br>             Respondent. | Case No.   1:22-cv-01009-JLT-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS [1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 11) |

      Petitioner Adrian Johnson ("Petitioner"), a state prisoner, initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1, "Petition"). In response, Respondent filed a Motion to Dismiss. (Doc. No. 11). Petitioner filed an opposition to the Motion to Dismiss, and Respondent filed a Reply. (Doc. Nos. 14, 15). For the reasons set forth more fully below, the undersigned recommends granting Respondent's Motion to Dismiss.

## I. BACKGROUND

      In 1999, Petitioner was convicted of two counts of unlawful use of force resulting in serious bodily injury (Cal. Penal Code § 243(d)), and two counts of unlawful use of force resulting in injury to an emergency medical technician (Cal. Penal Code § 243(c)), in Fresno

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

County Superior Court. (*See* Doc. No. 1 at 1; Doc. No. 4 at 8-9). The court found Petitioner's prior juvenile adjudications constituted two strikes, and Petitioner was sentenced as a third strike defendant to two indeterminate state prison terms of 25 years to life, to be served concurrently. On January 9, 2002, the California Court of Appeal, Fifth Appellate District, affirmed the judgment; and on March 27, 2002, the Supreme Court of California denied a petition for review. (Doc. Nos. 16-2, 16-4).

In 2021 and 2022, Petitioner sought habeas relief from the state superior, appellate, and supreme courts, arguing that Senate Bill 625 "deemed Petitioner's juvenile adjudications as inadmissible to use later in adult criminal proceedings."[2] (Doc. No. 16-11 at 2; Doc. No. 16-17 at 9; Doc. No. 16-21 at 6). The state courts denied Petitioner relief. (Doc. Nos. 16-12, 16-18, 16-22). The Petition currently pending before the Court raises one ground for relief: Petitioner's due process rights were violated by the state court for "their error to follow Senate Bill 625, which amende[d] [California] Welfare Institution Code 1772 that deemed Petitioner's dismissed juvenile adjudications inadmissible for enhancement purposes in subsequent criminal proceedings." (Doc. No. 1 at 16). More specifically, Petitioner contends that after amendments to the California Welfare and Institutions Code relating to juveniles that became effective in January 2018, his prior juvenile adjudications can no longer be used to enhance his sentence for his subsequent adult conviction because his juvenile adjudications were dismissed after he was granted honorable discharge from the Department of Youth Authority. (*Id*. at 16-20).

Respondent contends the Petition should be dismissed because it is untimely and fails to

---

[2] In Senate Bill 625, effective January 1, 2018, the California legislature amended section 1772 of the California Welfare and Institutions Code, which provides that

> [s]ubject to subdivision (b), every person discharged by the Board of Juvenile Hearings may petition the court that committed him or her, and the court may upon that petition set aside the verdict of guilty and dismiss the accusation or information against the petitioner who shall thereafter be released from all penalties and disabilities resulting from the offense or crime for which he or she was committed, including, but not limited to, penalties or disabilities that affect access to education, employment, or occupational licenses.

Further, "notwithstanding subdivision (a), . . . [t]he conviction of the person may be used to enhance the punishment for a subsequent offense." Cal. Welf. & Inst. Code § 1772(b)(4).

raise a cognizable federal claim. (Doc. No. 11). In response, Petitioner argues he is entitled to equitable tolling; and this Court has jurisdiction because "his federal due process rights were violated in their misapplication of state law." (Doc. No. 14). In reply, Respondent argues Petitioner is not entitled to equitable tolling. (Doc. No. 15).

## II. APPLICABLE LAW AND ANALYSIS

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition. R. Governing 2254 Cases 4. The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent." A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

### A. No Federal Habeas Corpus Jurisdiction

"The habeas statute 'unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (internal citations omitted). Thus, "'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (internal citations omitted); *Swarthout*, 562 U.S. at 219 ("[F]ederal habeas corpus relief does not lie for errors of state law."). A challenge to the provisions of a state sentencing law does not generally state a federal habeas claim. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989). Rather, a federal habeas court is bound by the state court's determination concerning the provisions of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.")). On federal habeas review, the question "is not

whether the state sentencer committed state-law error," but whether the sentence imposed on the petitioner is "so arbitrary and capricious" as to constitute an independent due process violation. *Richmond v. Lewis*, 506 U.S. 40, 50 (1992).

Petitioner's sole ground for relief is that his due process rights were violated by the state courts' "misapplication" of Senate Bill 625, that amended California Welfare and Institutions Code § 1772, because his previously dismissed juvenile adjudications could no longer be used to enhance his sentence in subsequent adult conviction. The Fresno Superior Court found Petitioner's juvenile offenses were properly used to enhance his subsequent offense because the amendments pursuant to Senate Bill 625 "did not change the fact that honorably discharged juvenile offenses, dismissed under section 1772, subdivision (a), 'may be used to enhance the punishment for a subsequent offense.'" (Doc. No. 16-12 at 2 (citing Cal. Welf. & Inst. Code § 1772(b)(4); *People v. Daniels*, 51 Cal. App. 4th 520, 522 (1996), as modified Jan. 6, 1997 ("expungement of the prior convictions under Welf. & Inst. Code, § 1772, did not preclude treatment of those offenses as strikes.")). Because this Court must defer to the state court's determination that no state sentencing error occurred, Petitioner does not state a cognizable federal habeas claim. *See Caldwell v. Sherman*, 2020 WL 6694321, at *3 (C.D. Cal. Sept. 21, 2020) ("the trial court's use of Petitioner's prior juvenile adjudication as the basis for his Third Strike sentence is a state sentencing law issue . . . . This Court is bound by a state appellate court's interpretation of state law. As such there is no cognizable federal question for the Court to review.") (citations omitted); *Bohannan v. Muniz*, 2023 WL 2815588, at *6 (E.D. Cal. Apr. 6, 2023) ("sentencing under California's three strikes regime – including determinations of what prior convictions count as 'strikes' – is purely a matter of state law."); *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify habeas relief.").

Moreover, Petitioner may not, as he attempts to do here, "transform a state-law issue into a federal one merely by labeling it a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996); *Tuggle v. Perez*, 2016 WL 1377790, at *7 (E.D. Cal. Apr. 7, 2016) (collecting cases holding that denial of motion to recall sentence does not state cognizable claim

4

on federal habeas review). Petitioner argues that the "California [court's] misapplication of state sentencing law, specifically S.B. 625, deprived Petitioner from the benefits of S.B. 625, particularly Cal. Welf. Institution[s] Code 1772, and created a liberty interest by not recalling Petitioner's sentence and striking invalid, dismissed juvenile adjudications, and this is not constitutionally sufficient." (Doc. No. 14 at 8). Indeed, state statutes may create a liberty interest that forms the basis for a federal due process violation in limited circumstances. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Gray v. Hernandez*, 651 F. Supp. 2d 1167, 1176 (S.D. Cal. Aug. 27, 2009) ("While state statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections, the instances in which due process can be invoked are significantly limited."). However, Petitioner fails to show that a liberty interest was created by Senate Bill 625; nor has he demonstrated that the state court's refusal to "recall" his sentence was so "arbitrary and capricious" as to constitute a due process violation. *Richmond*, 506 U.S. at 50; *Baumann v. Ariz. Dep't of Corr.,* 754 F.2d 841, 844 (9th Cir. 1985) (habeas petitioner must show the existence of a constitutionally protected liberty interest); *Moreno v. Pollard*, 2021 WL 864066, at *5 (C.D. Cal. Jan. 13, 2021) (finding no cognizable federal question and noting that "Petitioner has not shown that the . . . Superior Court's ruling [that petitioner was not entitled to resentencing] was based on an error of state law, much less an error of federal constitutional magnitude arising from an 'egregious' misapplication of state law or the unlawful deprivation of a protected 'liberty interest.'").

Finally, Petitioner's reliance on *United States v. Hildago*, 932 F.2d 805, 807 (9th Cir. 1991), decided more than twenty years before Senate Bill 625 became effective, is unavailing. In *Hidalgo*, the Ninth Circuit held a youthful offender conviction that was "set aside" pursuant to California Welfare and Institutions Code § 1772 was "expunged" under United States Sentencing Guideline ("USSG") § 4A1.2(j) and could not be used as a prior conviction under USSG § 4B1.2 in determining defendant's criminal history. *Id*. at 807. However, subsequent Ninth Circuit case law identified a California Supreme Court decision that "may undermine the continuing validity of our decision in *Hidalgo*" in which "the court held that a conviction set aside pursuant to section 1772 was properly introduced in the penalty phase of the appellant's capital trial, because

5

'convictions otherwise forgiven or expunged under [section 1772] may be used to enhance a sentence imposed for a subsequent criminal offense.'" *United States v. Hayden*, 255 F.3d 768, 772-73 (9th Cir. 2001) (citing *People v. Pride*, 3 Cal. 4th 195 (1992)); *see also United States v. Shor*, 549 F.3d 1075 (6th Cir. 2008) (declining to follow *Hidalgo* "[i]n light of the clear terms of the sentencing guidelines and the fact that *Hidalgo* has been discredited even in the Ninth Circuit."). Moreover, *Hidalgo* addressed whether Petitioner's juvenile adjudication under § 1772 could be used to enhance a federal sentence under the USSG, which is distinguishable from the instant case in which the state court found Petitioner's juvenile offenses were properly used to enhance his subsequent sentence within the meaning of the California Three Strikes Law. (*See* Doc. No. 16-12).

Based on the foregoing, the undersigned recommends that the Petition be dismissed for failure to state a cognizable federal habeas claim.

**B. Petition Not Timely Filed Under AEDPA's Statute of Limitations**

In the alternative, the undersigned finds the Petition should be dismissed as untimely. Title 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, sets a one-year period of limitations to the filing of a habeas petition by a person in state custody. This limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

6

28 U.S.C. § 2244(d)(1). For most habeas petitioners, the one-year clock starts to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 42 U.S.C. § 2244(d)(1)(A).

The parties appear to agree that § 2244(d)(1)(D) is the correct trigger due to the change brought about by Senate Bill 625, which amended California Welfare and Institutions Code § 1772. (*See* Doc. No. 11 at 4; Doc. No. 14 at 3-4). The Court disagrees. It is well-settled that a change in controlling law does not constitute a "factual predicate" as that term is used within the statutory framework of § 2244(d)(1)(D). *Shannon v. Newland*, 410 F.3d 1083, 1088-89 (9th Cir. 2005) (rejecting petitioner's claim that subsequent California Supreme Court decision clarifying state law qualified as a factual predicate for purposes of § 2244(d)(1)(D), reasoning "[i]f a change in (or clarification of) state law, by a state court, in a case in which [the petitioner] was not a party, could qualify as a 'factual predicate,' then the term 'factual' would be meaningless."); *see also Easter v. Taylor*, 714 F. App'x 791, 792 (9th Cir. 2018) (affirming the district court's rejection of petition as untimely and rejecting subsequent change in Oregon law as factual predicate under § 2244(d)(1)(D) citing *Shannon*). Thus, any amendment by the California legislature to § 1772 does not qualify as a "factual predicate" to Petitioner's case to warrant tolling under § 2244(d)(1)(D).

Consequently, the only applicable triggering provision for AEDPA's statute of limitations in this case is 28 U.S.C. § 2244(d)(1)(A). Given that Petitioner was convicted and sentenced in 1999, the Petition filed more than 20 years later in 2021 is barred by the statute of limitations unless Petitioner can establish that he is entitled to tolling. *Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017) (AEDPA's "statute of limitations must run from the judgment pursuant to which the petitioner is being held."). Although the AEDPA one-year limitation period may be statutorily tolled while a petitioner exhausts his state remedies, Petitioner receives no benefit from his recently filed state habeas petitions because the state petitions were lodged in 2021, well after the AEDPA one-year limitation period elapsed. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (to qualify for statutory tolling, a state petition must be filed before, not after, the expiration of AEDPA's one-year limitations period); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.

2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

Nonetheless, AEDPA's statutory limitations period may be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is available if a petitioner shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649. To show "extraordinary circumstances," a petitioner must show that "the circumstances that caused his delay are both extraordinary and beyond his control"—a high threshold. *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 255 (2016). "The requirement that extraordinary circumstances 'stood in [a petitioner's] way' suggests that an *external* force must cause the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (emphasis added). Furthermore, a petitioner must show that the extraordinary circumstances *caused* the untimely filing of his habeas petition. *See Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citing *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (explaining that equitable tolling is available only when the extraordinary circumstances were the cause of the petitioner's untimeliness); *Smith v. Davis*, 953 F.3d 582, 595 (9th Cir. 2020) ("Whether an impediment caused by extraordinary circumstances prevented timely filing is a 'causation question.'").

To demonstrate that he has been pursuing his rights diligently, a petitioner must show that he has "been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith*, 953 F.3d at 598-99. In other words, "when [a petitioner] is free from the extraordinary circumstance, he must also be diligent in actively pursuing his rights." *Id*. at 599. The diligence required for equitable tolling does not have to be maximum feasible diligence, but rather reasonable diligence. *Holland*, 560 U.S. at 653. And the court is not to impose a rigid impossibility standard on petitioners, especially pro se prisoner litigants "who have already faced an unusual obstacle beyond their control during the AEDPA litigation period." *Fue v. Biter*, 842 F.3d 650, 657 (9th Cir. 2016) (quoting *Sossa v. Diaz*, 729 F.3d 1225, 1236 (9th Cir. 2013)). However, "in every instance reasonable diligence seemingly requires the

8

petitioner to work on his petition with some regularity—as permitted by his circumstances—until he files it in the district court." *Davis*, 953 F.3d at 601.  Admittedly, "the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1062, 1066 (9th Cir. 2002) (citations omitted).

Here, Petitioner argues that he is entitled to equitable tolling because he diligently pursued his rights, and extraordinary circumstances stood in the way of timely filing including "(1) the unavailability of law material, specifically S.B. 625 publication; and (2) the prison law library being closed due to prison Covid-19 restrictions." (Doc. No. 14 at 2-6).  First, Petitioner asserts that his "discovery of S.B. 625 in April 2021 was due to the theft or poor keeping of law material, S.B. 625, in [sic] which made the law unavailable to Petitioner and impeded Petitioner from timely filing." (*Id*. at 5).  In support, Petitioner attaches identical declarations from two prisoner library clerks to his opposition to the motion to dismiss, both indicating that library law material was "poorly maintained and missing due to theft"; they never saw a "record of S.B. 625 being received" at the prison library; Petitioner was "consistently" in the library; and they were "aware" that Petitioner "discovered" S.B. 625 in 2021.  (Doc. No. 14 at 9-10).

Petitioner is correct that this circuit has found a lack of access to legal resources may be an extraordinary circumstance warranting equitable tolling.  (Doc. No. 14 at 5 (citing *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (finding that unavailability of a copy of the AEDPA in a prison law library could be grounds for equitable tolling)). However, general assertions by prisoner library clerks that library law materials were "poorly maintained and missing due to theft," and that they had not personally seen "record of S.B. 625" before Petitioner "discovered" it in 2021, is not sufficient evidence to justify equitable tolling. *Delgado v. Kernan*, 2019 WL 2576555, at *5 (E.D. Cal. June 24, 2019) (noting delays in updating the law library's computer database were common, and concluding that based on the "description of the inadequacies of the prison law library, the court concludes that this is an ordinary incident of prison life that does not justify equitable tolling."); *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (finding that missing reporters in the prison law library, transferred or busy jailhouse assistances, and lack of access to legal files were insufficient to

9

warrant equitable tolling); *Hernandez v. Ochoa*, 2011 WL 1103161, at *5 (E.D. Cal. Mar. 22, 2011) ("the vagaries of accessing prison law libraries or obtaining current legal materials therefrom, are complaints common to the vast majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus. Therefore, by definition these circumstances are not extraordinary and do not justify equitable tolling."). Moreover, as discussed *supra*, the "discovery" of S.B. 625 was not a factual predicate sufficient to trigger the AEDPA statute of limitations, regardless of Petitioner's diligence or lack thereof. *See Shannon*, 410 F.3d at 1090 (rejecting argument that time between petitioner's conviction and a state court decision clarifying state law should be equitably tolled because such an "argument would open the door for any state prisoner to file a habeas petition anytime a state court issues a clarification of state law. Such an interpretation cannot be squared with the goals of finality that are central to AEDPA.").

Second, Petitioner argues that the law library was closed from "[f]all 2020 to about March [] 2021" which "further prolonged Petitioner's discovery of unavailable [sic] S.B. 625 Bill, due to his inability to conduct legal research." (Doc. No. 14 at 6). In general, unpredictable lockdowns or library closures do not constitute extraordinary circumstances warranting equitable tolling. *See United States v. Van Poyck*, 980 F. Supp. 1108, 1111 (C.D. Cal. 1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); *Galaz v. Harrison*, 2006 WL 768813, at *5 (E.D. Cal. Mar. 27, 2006). Moreover, "[c]ourts have found that general claims of lack of access to the prison law library due to restrictions resulting from COVID-19 are not 'extraordinary circumstances" justifying equitable tolling. Instead, a petitioner must allege specific facts showing how such COVID-19-related lockdowns 'actually prevented' the petition from timely filing a petition." *Davis v. Kibler*, 2022 WL 2121907, at *6 (C.D. Cal. Feb. 24, 2022) (citing *Dragasits v. Covello*, 2022 WL 207730, at *8 (S.D. Cal. Jan. 24, 2022) (collecting cases)); *Dones v. Allison*, 2022 WL 17979758, at *5 (S.D. Cal. Dec. 28, 2022) (refusing equitable tolling based on pandemic where petitioner did not explain "how his access to the law library was limited, the length of those restrictions, if, when, and how he attempted to access the law library or obtain legal research

10

materials, how the lack of access to the library . . . impeded his ability to timely file his petition, or what systems were in place for obtaining legal materials such as library paging system and if he tried to utilize those systems or why those systems were insufficient."). Here, Petitioner does not sufficiently explain how his alleged inability to access the law library for a period of time between "fall 2020" and March 2021 "due to Covid-19" prevented him from timely filing his Petition; nor does he make a showing of diligence, as required for the granting of equitable tolling. *See Smith*, 953 F.3d at 599.

To the extent Petitioner argues equitable tolling applies, the undersigned finds Petitioner fails to carry his burden of demonstrating that the reasons he cites constitute extraordinary circumstances. Thus, in the alternative, the undersigned recommends that Petitioner be denied equitable tolling and his petition be dismissed as untimely.

### III. CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is **RECOMMENDED**:

1. Respondent's Motion to Dismiss (Doc. No. 11) be **GRANTED**.
2. The Petition (Doc No. 1) be dismissed for lack of federal habeas jurisdiction; or; in the alternative, as untimely.
3. Petitioner be denied a certificate of appealability.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: June 20, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE