**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADRIAN JOHNSON,<br><br>    Petitioner,<br><br>v.<br><br>GISELLE MATTESON,<br><br>    Respondent. | Case No.: 1:22-cv-01009-JLT-HBK (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 1, 11, 18) |

Adrian Johnson is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The assigned magistrate judge issued Findings and Recommendations recommending that Respondent's Motion to Dismiss be granted, and the Petition be dismissed for lack of federal habeas jurisdiction or, in the alternative, as untimely.  (Doc. 18.)  Those Findings and Recommendations were served upon all parties and contained notice that any objections thereto were to be filed within 14 days after service.  Petitioner has not filed objections, and the deadline to do so has expired.

According to 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the Court concludes that the magistrate judge's Findings and Recommendations are supported by the record and proper analysis.

1

Having determined that petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. The federal rules governing habeas cases brought by state prisoners require a district Court issuing an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal, rather an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see also* 28 U.S.C. § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a certificate of appealability). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard, 28 U.S.C. § 2253(c)(3). In the present case, the Court finds that reasonable jurists would not find the Court's rejection of petitioner's claims to be debatable or conclude that the petition should proceed further. Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on June 20, 2023, (Doc. 18), are **ADOPTED IN FULL.**
2. Respondent's Motion to Dismiss (Doc. 11) is **GRANTED**.
3. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED**.
3. The Court declines to issue a certificate of appealability.
4. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: __**July 20, 2023**__                              *Jennifer L. Thurston*
                                                                              UNITED STATES DISTRICT JUDGE

2